By the Court.—Sedgwick, J.
An examination of the testimony convinces me that there was sufficient to support the referees finding that the plaintiff performed services for the defendant, under a special agreement, from August, 1871 to November, 1871, and performed further services from November, 1871, to March, 1873, under the implied promise that he Was to be paid what the services were reasonably worth. Indeed, the answer of the defendant negatives the position that all the plaintiff’s services were done under the special agreement of August 17, 1871.
I also am of opinion that there was no error in the allowance of testimony as to the value of services which calls for a reversal of the judgment. Undoubtedly in this state, witnesses may be called to give opinions as to the value of labor and services. (See cases in Digest, under opinions of witnesses in title Evidence.) They must be shown preliminarily, if objection be taken in time, to be acquainted with prices paid in other cases for services of a like kind. In the present case an apparent difficulty would be, that the services were of a peculiar kind, and probably not of the same kind with others as to which witnesses might have knowledge. This was, however, a matter of fact, and if witnesses swore to sufficient to permit their opinions as to value, the defendant’s rights were to be preserved by cross-examination to weaken the *220 force of the direct examination. I think, that in general, the witnesses swore to enough to entitle the plaintiff to claim that the referee should deem the witnesses qualified to testify as to value.
There is a special reason why the objection to plaintiff’s competency as a witness as to value should be disregarded. He was allowed in the first instance to testify without objection, and the exception is to the referee not granting a motion to strike out his evidence. If the objection had been taken in time, it might have been obviated; and not having been taken in due time, the burden was upon the defendant, at least, to make it appear affirmatively that the witness was disqualified (41 N. Y. R. 349). I do not think enough was shown to make it the duty of the referee to strike out the evidence.
Again, in the case of another witness on the same point, Mr. Studwell, it is particularly objected that he testified to the enquiry if he knew the value of the services of an agent whose duties were confidential, &c., that “ I can state what I know as to persons doing the same; leave the confidential out and I should say, yes, I should know”—yet was permitted afterwards, upon objection, to answer as to the value of services which in the question were stated to have been confidential. I think it appears that the answer last given was made upon the former qualification of the witnesses statement that he knew the value of the services which were to be valued, irrespective of their being confidential, and the fact that they were confidential did not lessen the value.
Another special objection was founded upon one of the witnesses as to value saying preliminarily that he did not profess to be an expert; and it is urged that it is conclusive. I do not think it is, for the reason that that was a matter of opinion of law and fact to be first decided by the referee ; and if the facts appeared *221 to show that he was ¿ompetent, the referee should, as he did, disregard the witness’s opinion.
I think we are justified in looking closely into the merits of the objections to the testimony as to value, inasmuch as from the referee’s finding, it is evident that he made a most judicious use of this class of the evidence, and did not yield to the high estimates of value made by the witnesses.
The referee, in several instances, reserved a decision upon objections made by defendant’s counsel. It is claimed that this is error. The defendant can not be injured by considering that the referee made a ruling which entitled him to an exception, as if to the admission of illegal testimony. In each case the testimony was either relevant or not calculated to injure the defendant.
There were other less important exceptions argued, and as to them, it is unnecessary to say more than that, after examining them, they were not well taken.
Judgment affirmed with costs.
Monell, Ch. J., concurred.